UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JASON MCWHORTER,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:17-cv-01007-RDP |
| **NUCOR STEEL BIRMINGHAM INC.,** | } |
| Defendant. | } |

## MEMORANDUM OPINION

This case is before the court on the Motion to Dismiss (Doc. #15) filed by Defendant Nucor Steel Birmingham Inc. ("Nucor"). The parties have fully briefed the Motion to Dismiss. (Docs. #15, 17, 18). For the reasons explained below, the Motion to Dismiss (Docs. #15) is due to be granted in part and denied in part.

### I.  Background[1]

Plaintiff claims that Defendant Nucor intentionally retaliated against him for opposing Nucor's discriminatory practices in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"). (Doc. #9 at 3-4). Plaintiff alleges that, as a part of its hiring process, Nucor requires applicants to undergo a "psychological evaluation," where a psychologist asks applicants

---

[1] "A Rule 12(b)(6) motion questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true." *Mays v. U.S. Postal Serv.*, 928 F. Supp. 1552, 1557-58 (M.D. Ala. 1996). Thus, for the purpose of resolving Defendant's Motion to Dismiss under Rule 12(b)(6), the court treats the facts alleged in the Amended Complaint (Doc. #9) as true.

1

questions about their age, marital status, children, parents, and family life. (*Id.* at ¶6). Plaintiff claims that the psychologist subsequently shares this information with Nucor employees involved in the hiring process. (*Id.*).

Plaintiff claims that he was concerned that Defendant was using psychological evaluations to circumvent federal laws protecting personal information from disclosure during the application process. (*Id.* at ¶¶6-9). Approximately twenty days prior to his termination, Plaintiff alleges that he raised his concerns about the psychological evaluations with Controller Susan Grahs[2] ("Grahs") and other unnamed supervisors at Nucor. (*Id.* at ¶5). On July 13, 2015, Plaintiff notified the EEOC of his concerns regarding Defendant's hiring process. (*Id.* at ¶10). Plaintiff alleges that he notified Nucor that he had contacted the EEOC. (*Id.* at ¶11).

On July 15, 2015, Grahs gave Plaintiff a "coaching for the month end" document, which detailed work areas where Plaintiff needed to improve his performance. (*Id.* at ¶12). Plaintiff claims that, prior to receiving this coaching document, he had never been provided with any formal negative feedback from Nucor and had only received "exceed expectations" evaluations from Grahs. (*Id.* at ¶13(b)). The coaching document stated that Plaintiff had until the end of the next month to improve his performance in the identified areas; however, Plaintiff was terminated sixteen days later, on July 31, 2015. (*Id.* at ¶13(c)).

On January 21, 2016, Plaintiff filed a charge of discrimination with the EEOC against Defendant, alleging retaliation in violation of Title VII.[3] (Doc. #15-1). Plaintiff filed a

---

[2] Plaintiff describes Susan Grahs as "essentially a CFO of Nucor." (Doc. #9 at ¶5).

[3] "The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005) (citing Fed. R. Civ. P. 12(b)). However, a "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. *Id.* at 1276. A plaintiff must file an EEOC charge of discrimination before pursuing an employment-related claim of retaliation in federal court. *See Duble v. Fedex Ground Package Sys., Inc.*, 572 F. App'x 889, 892 (11th Cir. 2014). Accordingly, the court finds the EEOC charge documents attached to Defendant's Motion to Dismiss are central to Plaintiff's claim and notes that Plaintiff does not dispute the validity of the attached documents.

complaint against Nucor in Jefferson County Circuit Court on May 16, 2017. (Doc. #1-1). On June 15, 2017, Nucor removed the case to federal court. (Doc. #1). On July 3, 2017, Plaintiff filed an Amended Complaint, which dropped Plaintiff's (1) claim of retaliation under the Fair Labor Standards Act ("FLSA"), (2) state law fraud claim, and (3) state law claim of outrage and intentional infliction of emotional distress.[4] (*Compare* Doc. #1-1 *with* Doc. #9). Nucor moved to dismiss this action on July 17, 2017. (Doc. #15).

## II. Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

---

[4] Defendant has also asked the court to formally dismiss these claims in its Motion to Dismiss. (Doc. #15 at 3). As noted by Defendant, Plaintiff's Response to Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. #17) failed to respond to Defendant's request that the court formally dismiss these claims. (Doc. #18 at 3). Because Plaintiff has not addressed any aspect of these claims in his Amended Complaint (Doc. #9) or his Response to Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. #17), it is clear that, in any event, Plaintiff has abandoned these claims, and they are due to be dismissed even if not relinquished by virtue of their omission from the most recent pleading. *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) ("[F]ailure to brief and argue this issue during the proceedings before the district court is grounds for finding that the issue has been abandoned."); *Foy v. Pat Donelson Agency*, 946 F. Supp. 2d 1250, 1273-74 (N.D. Ala. 2013) (holding that the plaintiff abandoned a "claim when she failed to address in her response the argument on that claim set out in the Defendants' initial brief"); *see also Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; 'the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'").

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

### III. Discussion

Defendant argues that Plaintiff's Amended Complaint should be dismissed for two principal reasons: (1) Plaintiff failed to exhaust his requisite administrative remedies prior to filing suit and (2) Plaintiff's Amended Complaint fails to state a plausible claim. (Docs. #15, 18). These two arguments are considered, in turn.

### A. Plaintiff's Retaliation Claims under the ADA and ADEA are Outside the Scope of Plaintiff's EEOC Charge

A plaintiff is required to file a timely charge of discrimination with the EEOC and to exhaust the remedies provided by the EEOC prior to filing an action in federal court for retaliation. *See Duble v. Fedex Ground Package Sys., Inc.*, 572 F. App'x 889, 892 (11th Cir. 2014); *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238 (11th Cir. 2004); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1227, 1291 (11th Cir. 2002). A charge must, at minimum, "be in writing and . . . name the prospective respondent and . . . generally allege the discriminatory act(s)." 29 C.F.R. § 1626.6. The purpose of the administrative charge is to (1) notify the employer that a charge has been filed and (2) initiate an EEOC investigation. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 63 (1984). The scope of a judicial complaint is limited to the "scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mulhall v. Advance Sec. Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994).

On January 21, 2016, Plaintiff filed an administrative charge of discrimination with the EEOC and only selected "retaliation" as the basis of his alleged discrimination. (Doc. #15-1). The charge of discrimination form had instructions to "[c]heck [the] appropriate box(es)" that the alleged discrimination was based on, and the boxes for "age" and "disability" discrimination were located immediately to the right of the "retaliation" box that Plaintiff marked. (*Id*.). Nevertheless, those two boxes were left unchecked. (*Id*.). Of course, the mere failure to check a box is not dispositive here. But even more importantly, Plaintiff's charge of discrimination description makes no mention of age or disability discrimination; rather, it merely states that Plaintiff "expressed to management that [he] thought some of the employment practices used when interviewing individuals might be in violation [of] the laws enforced by the EEOC. [He] did contact EEOC by email asking for clarification but [he] did not give the name of the

5

company." (*Id.*). Plaintiff concluded his charge by asserting that he "was discharged and discriminated against in retaliation for protesting acts made unlawful, in violation of the Title VII of the Civil Rights Act of 1964, as amended." (*Id.*). As such, Defendant argues that the scope of Plaintiff's judicial complaint should be limited to his Title VII claim, *i.e.*, the claim actually referenced in his EEOC charge. *See Mulhall*, 19 F.3d at 589 n.8.

Courts have broadly interpreted the scope of administrative charges filed by unrepresented parties. *See Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (affirming a district court's decision that an EEOC charge prepared without the assistance of counsel was not administratively barred). Plaintiff argues that his EEOC charge should be liberally construed to include "any of those laws enforced by the EEOC that might be implicated" or "ensnared" by Defendant's hiring practices because "Plaintiff was not certain what precise law had been violated." (Doc. #17 at 4). However, Plaintiff is not entitled to such a liberal construction because he was represented by counsel at the time he filed the charge.[5] (*See* Doc. #18-2); *see also Davis v. Infinity Ins. Co.*, 2017 WL 4224588 at *8 (N.D. Ala. Sept. 22, 2017) (declining to broadly interpret an EEOC charge because it was "not a situation where the unexhausted claim [was] the result of an unrepresented plaintiff filing an EEOC charge").

Plaintiff further argues that it was "logical to expect that the EEOC's investigation would spread to and ensnare any of those laws enforced by the EEOC that might be implicated by Defendant's hiring practices." (Doc. #17 at 4). The court disagrees. Plaintiff's interpretation of an EEOC charge's scope as inclusive of "any of those laws enforced by the EEOC" is unreasonably broad and would render the charge of discrimination's requirement that claimants

---

[5] Plaintiff relies heavily on the Fifth Circuit's interpretation of the proper scope of an EEOC complaint set forth in *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (1970). (Doc. #17 at 2-3). However, as explained in *Davis v. Infinity Insurance Co.*, *Sanchez* is distinguishable from cases, such as Plaintiff's, where a plaintiff was represented by counsel when filing his EEOC charge. 2017 WL 4224588 at *8.

6

identify the basis of discrimination superfluous. *See Jerome v. Marriott Residence Inn Barcelo Crestline/AIG*, 211 F. App'x 844, 846 (11th Cir. 2006) ("EEOC regulations provide that charges should contain, among other things, [a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices. . . . Although we liberally construe EEOC charges that are prepared without the assistance of counsel, a plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." (internal quotations and citations omitted)). Such an interpretation would considerably undermine the "significant function" of an EEOC charge in providing an employer with notice of an employee's claims. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1319 (11th Cir. 2001) (noting that an EEOC charge serves "two significant functions: notice to the employer and initiation of an EEOC investigation"); *see also Gaston v. Home Depot USA, Inc.*, 129 F. Supp. 2d 1355, 1365 (S.D. Fla. 2001), *aff'd sub nom.* 265 F.3d 1066 (11th Cir. 2001) ("Absent some allegation of fact sufficient to put the defendant on notice of the nature and scope of the claim against it, the plaintiff is barred from asserting other types of claims in subsequent judicial proceedings that may bear some connection, however distinct, to the bare claim asserted in the EEOC charge."); *White v. Wells Fargo Guard Servs.*, 908 F. Supp. 1570, 1581 (M.D. Ala. 1995) ("From a practical standpoint, one of the most important considerations is 'whether the defendant had sufficient notice from the administrative charge of the alleged kinds and areas of discrimination . . . .'"). Here, the EEOC charge as drafted gave no notice whatsoever to Defendant that Plaintiff was claiming age or disability discrimination, or retaliation because of opposition to age or disability discrimination or participation in any age or disability proceeding.

Additionally, Plaintiff failed to remedy his omission after receiving an acknowledgement letter from the EEOC which clearly indicated that his EEOC charge was only subject to Title VII -- and not the ADEA or the ADA. (Doc. #18-3). Because Plaintiff had a full and fair opportunity to state the general factual basis for his alleged discrimination with the assistance of counsel, his failure to give fair notice of potential age or disability discrimination claims in his EEOC charge administratively bars his claims under the ADA and ADEA. *See Davis*, 2017 WL 4224588 at *7-8; *see also Litman v. Sec'y, of the Navy*, 703 F. App'x 766, 772 (11th Cir. 2017) (holding that, where an employee's EEOC complaint made no mention of a hostile work environment claim or alleged events that gave rise to one, that employee failed to exhaust those claims); *Edwards v. Ambient Healthcare of Ga., Inc.*, 674 F. App'x 926, 931 (11th Cir. 2017) ("Judicial claims that 'amplify, clarify, or more clearly focus' the allegations in the EEOC charge are permitted, but the plaintiff cannot allege new acts of discrimination.").

**B.     Plaintiff's Title VII Claim Sufficiently States a Claim under Rule 12(b)(6)**

Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin and prohibits employers from retaliating against employees or applicants for employment because an individual has opposed an unlawful employment practice under Title VII "or because [an individual] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). As Plaintiff did in this case, an individual must file a charge of discrimination with the EEOC before filing a Title VII claim. *See Gregory*, 355 F.3d at 1279. In order to sufficiently plead a Title VII retaliation claim, Plaintiff must plausibly allege that (1) he engaged in statutorily protected conduct, (2) he suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse action. *Scott v. Sarasota Doctors Hosp., Inc.*, 688 F. App'x 878, 883 (11th Cir. 2017) (citing *Bryant v. Jones*, 575 F.3d 1281,

1307-08 (11th Cir. 2009)). The court concludes that Plaintiff's Amended Complaint sufficiently pleads each of these elements at this stage in the litigation.

      i.      **Plaintiff Has Plausibly Alleged that He Engaged in Statutorily Protected Conduct**

Title VII "recognizes two forms of protected conduct." *Clover v. Sys. Servs. Total, Inc.*, 176 F. 3d 1346, 1350 (11th Cir. 1999). "An employee is protected from discrimination if (1) 'he has opposed any practice made an unlawful employment practice by this subchapter' (the opposition clause) or (2) 'he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter' (the participation clause)." *Id.* (citing 42 U.S.C. § 2000e-(3)a). Certain actions, such as filing a charge with the EEOC qualify as "statutorily protected activity" under the participation clause. *Id.*; *see Scott*, 668 F. App'x at 884. "[T]he protection afforded by [Title VII] is not limited to individuals who have filed formal complaints, but extends as well to those . . . who informally voice complaints to their superiors" under the opposition clause. *Zarza v. Tallahassee Hous. Auth.*, 686 F. App'x 747, 753 (11th Cir. 2017) (citing *Rollins v. State of Fla. Dep't. of Law Enforcement.*, 868 F.2d 397, 400 (11th Cir. 1989)). Plaintiff's Amended Complaint alleges that he voiced concerns about potential unlawful practices of discrimination in Defendant's hiring process to his supervisors and that he informed his supervisors that he had contacted the EEOC about his concerns. (Doc. #9 at ¶¶10, 11). Construing facts in the light most favorable to Plaintiff, at this stage in the litigation, the court cannot say that Plaintiff's actions were not Title VII protected activities.

      ii.      **Plaintiff Has Plausibly Alleged that He Suffered an Adverse Employment Action**

An adverse employment action is an action that "'might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Forbes v. City of N. Miami*, 509 F. App'x 864, 867 (11th Cir. 2013) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548

9

U.S. 53, 68 (2006)). To be an "adverse employment action" the action must impose a "materially adverse effect on the plaintiff." *Crawford v. Carroll*, 529 F.3d 961, 973 (11th Cir. 2008). Without question, termination of an employee is an action which, if found to be motivated by the employee's protected activity, would tend to "dissuade[] a reasonable worker" from engaging in the same protected activity. *See Forbes*, 509 F. App'x at 867. Furthermore, in Defendant's Motion to Dismiss, Defendant acknowledges that "Plaintiff's factual recitation contains, at most, facts supporting the second element." (Doc. #15 at 8). Thus, Plaintiff's Amended Complaint plausibly pleads an adverse employment action.

### iii. Plaintiff Has Plausibly Alleged a Causal Link

The Eleventh Circuit construes the causal link "element broadly so that 'a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated.'" *Zarza*, 686 F. App'x at 753 (quoting *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1278 (11th Cir. 2008) and *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998)). The causal element may be satisfied by showing a close temporal proximity between the protected activity and the adverse employment action. *Thomas v. Cooper Lighting Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). However, a close temporal proximity is insufficient if the Defendant provides "unrebutted evidence" that the decision maker in the adverse employment action was unaware of the protected activity. *Brungart v. BellSouth Telecomms. Inc.*, 231 F.3d 791, 799 (11th Cir. 2000).

Plaintiff claims that (1) he contacted the EEOC regarding his concerns with Defendant's hiring practices on July 13, 2015 and notified Nucor that he did so, (2) two days after he contacted the EEOC, he received a negative performance review, which indicated his performance would be reassessed at the end of August, but (3) he was terminated on July 31,

2017. (Doc. #9 at ¶¶10-13). Construing facts in the light most favorable to Plaintiff, the close timing between Plaintiff voicing concerns to other Nucor employees about Nucor's hiring practices and Plaintiff's expedited termination supports an allegation that he was terminated in retaliation for contacting the EEOC. Accordingly, Defendant's Motion to Dismiss Plaintiff's Title VII claim is due to be denied.

**IV. Conclusion**

For the reasons asserted herein, Defendant Nucor's Motion to Dismiss (Doc. #15) is due to be granted in part and denied in part. Plaintiff's retaliation claims under the ADEA and the ADA in Count I of the Amended Complaint (Doc. #9) are due to be dismissed. Plaintiff's claim of retaliation under the FLSA, state law fraud claim, and state law claim of outrage and intentional infliction of emotional distress from the original Complaint (Doc. #1-1) are also due to be formally dismissed as Plaintiff has abandoned these claims in his Amended Complaint (Doc. #9) and his Response to Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. #17). A separate Order consistent with this Memorandum Opinion will be contemporaneously entered.

**DONE** and **ORDERED** this January 11, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE